Grafton, ⎰
Nov. 1, 1921. ⎱

### JOSEPH SALADINO *v.* JAMES N. GURDY.

In an action for slander, as tending to show the defendant's malice, evidence
may be given of his maliciously commencing an action for an alleged debt
by an excessive attachment, and that the action terminated against him.

ACTION, for slander. Trial by jury and verdict for the plaintiff.
Proof by the plaintiff of actual malice on defendant's part was neces-
sary. As tending to show it, evidence was admitted that other
litigation between the parties, brought at about the time the slander
was uttered, was determined in the present plaintiff's favor. The
evidence was admitted in connection with other evidence tending
to show the malicious character of the litigation. The defendant
objected to all evidence of the litigation and its outcome and excepted
to its admission.

The court instructed the jury without exception that "the outcome
of the other law suits in the plaintiff's favor is not conclusive in show-
ing malice on the defendant's part, but if you find, taking into ac-
count all the evidence, that the defendant brought a suit against
the plaintiff in bad faith, that would indicate a general disposition
of ill will or malice on the defendant's part, and thus be applicable,
if you so consider it, to his statement which is claimed by the plaintiff
to be slanderous." There was no request for any modification or
limitation of this instruction. Transferred from the September
term, 1920, of the superior court by *Allen,* J.

The evidence relevant to the exception is stated in the opinion.

*Robert W. Upton* and *Scott Sloane,* for the plaintiff.

*Fred S. Wright* and *Owen & Veazey,* for the defendant.

PLUMMER, J. The evidence tended to prove the following facts.
The plaintiff and defendant had been engaged in farming operations
for some two years prior to the alleged slander. On the tenth of
April, 1919, the defendant came to the plaintiff's house, when the
plaintiff was away in New York on business, and demanded that the
plaintiff's wife give him a note for one thousand dollars, claiming
that the plaintiff owed him that amount, although he had never
rendered the plaintiff any statement showing such, or any, indebted-
ness. The plaintiff's wife denied the indebtedness, and said she

would go over the books, and show him. He answered that he didn't want any books. Then she told him he would have to wait until her husband came home. He said he didn't want to see him, in fact he had rather see him in Orford cemetery. Then the defendant stated in substance that the plaintiff went to New York, not on business, but to see another woman, and that statement is the foundation of the present suit.

The next day the defendant came again and told the plaintiff's wife if she didn't give him a note for a thousand dollars he would go to Woodsville, and put them in trouble. She refused, and he immediately ordered suit brought. Subsequently the plaintiff commenced an action against the defendant relative to the same transactions. There was evidence that the attachment made by the defendant in his suit was excessive, and other evidence tending to show its malicious character. This evidence, as it appeared that the litigation was determined in favor of the plaintiff, authorized a finding that almost contemporaneously with the utterance of the alleged slander the defendant without probable cause brought an unfounded suit against the plaintiff, and would furnish a foundation for a suit for malicious prosecution.

If the fact of a malicious prosecution by the defendant against the plaintiff was competent, the evidence necessary to establish that fact was necessarily admissible. To maintain such an action the plaintiff in such a suit must prove the termination in his favor of the suit alleged to be malicious. *Cohn* v. *Saidel*, 71 N. H. 558, 565, 567. An adverse judgment in the former suit would establish that "that suit was not brought without probable cause" (*Friel* v. *Plumer*, 69 N. H. 498, 499) and be fatal to the maintenance of a suit for malicious prosecution.

"In actions of slander, evidence of the repetition of the same words, or of other words and acts of the defendant, tending to show his malice in uttering the words laid in the declaration, was admissible, whether such words or acts were themselves actionable or not." *Severance* v. *Hilton*, 32 N. H. 289, 293; *Symonds* v. *Carter*, 32 N. H. 458; *Chesley* v. *Chesley*, 10 N. H. 327. "You may give in evidence any words as well as any act of the defendant to show, *quo animo*, he spoke the words which are the subject of the action." *Merrill* v. *Peaslee*, 17 N. H. 540, 543. As to what other utterances of the defendant are admissible to show malice there is a wide difference in the rules in the different states. 1 Wig. Ev., ss. 403–406. In some, the rule of admissibility is confined to a repetition of the same charge.

*Watson* v. *Moore,* 2 Cush. 133, 137, (cited by the defendant) and other Massachusetts cases. 1 Wig. Ev., *p.* 497. See, however, *Commonwealth* v. *Damon,* 136 Mass. 441, 449. But this is not the rule in this state. Moreover, acts not words are now in question. "Anything defendant has ever said or done with reference to the plaintiff may be urged as evidence of malice. It is very difficult to say what possible evidence is inadmissible on this issue. The plaintiff has to show what was in the defendant's mind at the time of publication, and of that no doubt the defendant's acts and words on that occasion are the best evidence. But if plaintiff can prove that at any other time, before or after, defendant had any ill-feeling against him, that is some evidence that the ill-feeling existed also at the date of publication; therefore, all defendant's acts and deeds that point to the existence of any such ill-feeling at any date are evidence admissible for what they are worth. In fact, whenever the state of a person's mind on a particular occasion is in issue, everything that can throw any light on the state of his mind then is admissible, although it happened on some other occasion." Newell, Slander & Libel, 411. The malicious prosecution of the plaintiff by the defendant was relevant to his state of mind and the facts essential to prove such prosecution were competent. The fact that the acts proved establishing the same, are otherwise actionable does not render the evidence inadmissible. While without evidence of the termination of the former suit, a suit for malicious prosecution could not be maintained, the absence of such evidence would not exclude or entirely deprive of weight, on the issue of malice, evidence of an excessive attachment as in this case or of an illegal one as in *Friel* v. *Plumer, supra.* But assuming that such evidence would have been relevant and of some weight, its force as evidence would have been affected to some extent by the admission that there was probable cause for the suit, which would be the effect of proof that the plaintiff recovered in the former suit (*Friel* v. *Plumer, supra*), or what is the same thing in this, the failure of the plaintiff here, upon whom the burden lay, to prove the litigation resulted in his favor.

It was competent for the plaintiff to combat such inference by evidence of the fact. The evidence of the termination of the suit was competent. The jury might give greater weight on the question of malice to the fact, if they so found, that the suit was brought without probable cause, than they would to the fact of an excessive attachment made in a good cause of action. In *Cohn* v. *Saidel, supra,* the plaintiff in the original suit became nonsuit. It was held

that the fact of nonsuit was competent and necessary because prior termination of the suits complained of was a fact necessary to be proved; but that the mere fact of voluntary nonsuit did not authorize the inference in a subsequent suit for malicious prosecution that the suit in which it was entered was brought without probable cause. In this case the jury were instructed that "The outcome of the other lawsuits in the plaintiff's favor is not conclusive in showing malice on the defendant's part." There was no exception to the instruction or request to modify or limit it. It is now too late for the defendant to claim the effect of the evidence was inferentially too broadly stated. The requirement that the jury before giving any effect to the evidence should find on all the evidence that the suit was brought in bad faith renders it improbable they were misled by the instructions. But the question, whether the court should have told the jury that the evidence of the termination of the suit was not evidence of malice instead of telling them it was not conclusive, not having been raised before the case was submitted to the jury, is not now open. *Nadeau* v. *Sawyer*, 73 N. H. 70; *Bourassa* v. *Railway*, 75 N. H. 359, 362. The defendant argues that he is fully protected by the exception to the admission of the evidence. But the record does not show the exception was so taken as to raise this question, which might have been raised on the language of the instructions.

In the opening, plaintiff's counsel referred to the prior litigation and its result, whereupon the defendant objected and excepted to any reference to that litigation and the outcome of it. The evidence was admitted under the same objection and exception. The record before the court contains no further explanation of the exception or request to limit it. The evidence was competent as admitted in connection with other evidence tending to establish a malicious prosecution, and the contention now made that this particular piece of evidence did not of itself tend to prove want of probable cause or malice does not appear to have been brought to the attention of the court. The defendant cites *Palmer* v. *Dimick*, 77 N. H. 565 to sustain his position. This case can have no weight as an authority for the defendant, because the former action there referred to was not between the same parties.

*Exception overruled.*

All concurred.